# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| SED INTERNATIONAL HOLDINGS, INC., et al., | Jointly Administered Under Case No. 16-53376-wlh |
| Debtors. | |
| | |
| PETER W. COLMER, AS LIQUIDATING AGENT FOR THE ESTATES OF SED INTERNATIONAL HOLDINGS, INC., and SED INTERNATIONAL, INC., | Adversary Proceeding Number |
| Plaintiffs | |
| v. | |
| HESHAM GAD and HG CONSULTING, INC., | |
| Defendants. | |

## COMPLAINT TO AVOID AND RECOVER TRANSFER

COMES NOW Peter W. Colmer, in his capacity as the liquidating agent (the "**Liquidating Agent**") of the bankruptcy estates of SED International Holdings, Inc. ("**Holdings**") and SED International Inc. ("**International**"), debtors in the above-referenced jointly administered Chapter 11 cases (collectively, the "**Debtors**"), and, pursuant to 11 U.S.C. §§ 547(b)) and 548(a), files this complaint against Hesham Gad ("**Gad**") and **HG Consulting, Inc.** ("**HG,**" together with Gad, the "**Defendants**"), and state the following:

### Jurisdiction and Venue

1. This Adversary Proceeding is being brought in connection with Debtors' cases under Chapter 11 of Title 11, jointly administered under case number 16-53376, now pending in this Court. This Court has jurisdiction of this Adversary Proceeding pursuant to 28 U.S.C. §§157

and 1334. This Adversary Proceeding constitutes a core proceeding as that term is defined under 28 U.S.C. §157(b)(2)(F) and (H). Venue is proper in this Court pursuant to 28 U.S.C. §1409.

2. The Liquidating Agent consents to the entry of final orders or judgment by the bankruptcy court.

## The Parties

3. Plaintiff Liquidating Agent is the liquidating agent of the Debtors' substantively-consolidated bankruptcy estates, appointed in that capacity pursuant to the Debtors' Plan of Liquidation (the "**Plan**") that was confirmed by this Court in an order dated June 20, 2018. Pursuant to the Plan, the Liquidating Agent was appointed as a representative of the Debtors and their bankruptcy estates and authorized to bring this action on behalf of the Debtors' estates and creditors.

4. Defendant Gad, also known as Sham Gad, a resident of Georgia, is the former Chief Executive Officer and Chairman of the Board of Directors of each of the Debtors.

5. Defendant HG is a Georgia corporation with its principal place of business at 205 Glenwood Drive, Athens, Georgia, 30606. In HG's corporate filings with the Georgia Secretary of State, Gad is listed as being the sole officer of HG. Upon information and belief, Gad is the sole owner of HG.

## General Background

6. On February 24, 2016, Hill, Kertscher & Wharton, LLC filed an involuntary petition for relief under Chapter 7 of the Bankruptcy Code against Holdings. On March 31, 2016 and April 6, 2016, respectively, Alan Rothman and Brother International Corp. joined in the involuntary petition. On May 6, 2016, Holdings filed an answer to the involuntary petition. On

September 14, 2016, the Court entered a Consent Order Granting Order for Relief and Converting Chapter 7 Case to Chapter 11.

7. On September 9, 2016, International filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

8. The Chapter 11 cases of the Debtors were jointly administered pursuant to an order of the Court dated September 16, 2016.

9. The bankruptcy estates of the Debtors have been substantively consolidated pursuant to the Debtors' Amended Plan of Liquidation (the "**Plan**"), which was confirmed by order of the Court dated June 20, 2018.

10. Peter W. Colmer was appointed as Liquidating Agent under the Plan and vested with the authority to bring causes of action belonging to the Debtors' estates, including avoidance actions under Chapter 5 of the Bankruptcy Code.

**The Subject Transfer**

11. For several years prior to the commencement of the Debtors' bankruptcy cases, Gad was the Chief Executive Officer and Chairman of the Board of each of the Debtors.

12. Both Gad and HG were "insiders" of each of the Debtors within the meaning of 11 U.S.C. § 101(31).

13. Gad's annual salary for his services to the Debtors was $240,000, which was typically paid by International to HG for the benefit of Gad.

14. Prior to October of 2015, HG was paid by International at the rate of $20,000 per month for Gad's services to the Debtors.

15. Beginning in October of 2015, apparently due to the Debtors' cash flow issues, the payments to HG were temporarily reduced to a rate of $10,000 per month.

16. Per International's books and records:

   a. On or about October 5, 2015, HG received a payment of $10,000 from International for services rendered by Gad during the month of October of 2015.

   b. On or about October 13, 2015, HG received a payment of $20,000 from International for services to be rendered by Gad during the months of November and December of 2015.

   c. On or about October December 1, 2015, HG received a payment of $30,000 from International for services to be rendered by Gad during the months of January, February and March of 2016.

   d. On or about January 8, 2016, HG received a payment of $30,000 from International for services to be rendered by Gad during the months of April, May and June of 2016.

17. On June 22, 2016, the Board of Directors (the "**Board**") of International convened a telephonic meeting. The minutes of that meeting, prepared by Arnold Kezborn, the acting Secretary of the Board, reflected the following:

> 2) Board then discussed 9 months of accrued past due compensation to Sham Gad. Sham had previously withheld drawing his full compensation to assist the company cash flow. The motion was made and the Board unanimously agreed (Sham abstained) to repay Sham the $90,000 of compensation the company had accrued as a liability to Sham.

A copy of the minutes of that June 22, 2016 meeting is attached hereto as Exhibit A.

18. On or about June 24, 2016, HG received a lump-sum payment from International's bank account in the amount of $90,000 via a wire transfer (the "**Subject Transfer**"). A copy of the wire transfer receipt is attached hereto as Exhibit B.

4

19. In July of 2016, payments to HG for Gad's salary were resumed at the rate of $20,000 per month.

   a. On or about July 7, 2016, HG received a payment of $20,000 for services to be rendered by Gad during the month of July of 2016.

   b. On or about August 4, 2016, HG received a payment in the amount of $20,000 for services to be rendered by Gad during the month of August of 2016.

20. As noted above, on September 9, 2016, International filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

21. In the Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (the "**Statement of Financial Affairs**") filed in International's Chapter 11 case on or about October 14, 2016, and signed by Gad as Chairman of the Board of International under penalty of perjury, International disclosed that "HG CONSULTING/Sham Gad" had received a $90,000 payment on or about June 28, 2016 from International for "Other/back salary." A copy of the relevant pages of the Statement of Financial Affairs is attached hereto as Exhibit C.

**COUNT I – AVOIDABLE PREFERENCE UNDER 11 U.S.C. § 547**

22. The Debtors restate and re-allege the foregoing paragraphs of this Complaint.

23. The Subject Transfer was a transfer of International's interest in property.

24. The Subject Transfer was made to or for the benefit of Gad.

25. Gad was a creditor of International at the time the Subject Transfer was made.

26. The Subject Transfer was made for or on account of an antecedent debt owed by International before the payment was made.

27. The Subject Transfer was made while International was insolvent.

5

28. The Subject Transfer was made within 90 days before International filed its petition for relief.

29. The Subject Transfer enabled Gad to receive more than Gad would have received if the International's Chapter 11 case were a Chapter 7 case, the payment had not been made, and Gad received payment on the debt owed to him to the extent provided by the provisions of the Bankruptcy Code.

30. Accordingly, the Subject Transfer is avoidable pursuant to Section 547(b) of the Bankruptcy Code.

## COUNT II – FRAUDULENT TRANSFER UNDER 11 U.S.C. § 548

31. The Debtors restate and re-allege the foregoing paragraphs of this Complaint.

32. The Subject Transfer was a transfer of International's interest in property.

33. The Subject Transfer was made to or for the benefit of Gad.

34. The Subject Transfer was made while International was insolvent.

35. The Subject Transfer was made within two years before International filed its petition for relief.

36. International received less than a reasonable equivalent value in exchange for the Subject Transfer.

37. In the alternative, the Subject Transfer was made with actual intent to hinder, delay or defraud creditors of International.

38. Accordingly, the Subject Transfer is avoidable pursuant to Section 548(a)(1) of the Bankruptcy Code.

## COUNT III – RECOVERY OF AVOIDED TRANSFER UNDER 11 U.S.C. § 550

39. The Debtors restate and re-allege the foregoing paragraphs of this Complaint.

40. HG was the initial transferee of the Subject Transfer.

41. Gad was the entity for whose benefit the Subject Transfer was made, and/or the immediate or mediate transferee of such initial transferee.

42. Accordingly, the Subject Transfer or its value is recoverable by the Debtors from HG and Gad pursuant to Section 550(a) of the Bankruptcy Code.

WHEREFORE , the Debtors respectfully request that the Court enter an Order and Judgment against the Defendants as follows:

a. Avoiding the Subject Transfer and entering a judgment in favor of the Debtors against HG and Gad in the amount of the Subject Transfer, together with interest thereon;

b. Granting the Debtors such other relief as the Court deems just.

This 11th day of October, 2018

Respectfully submitted,

SCROGGINS & WILLIAMSON, P.C.

|  |  |
|---|---|
| 4401 Northside Parkway<br>Suite 450<br>Atlanta, GA 30327<br>T: (404) 893-3880<br>F: (404) 893-3886<br>E: rwilliamson@swlawfirm.com<br>  aray@swlawfirm.com<br>  hkepner@swlawfirm.com | /s/ J. Hayden Kepner, Jr.<br>J. ROBERT WILLIAMSON<br>Georgia Bar No. 765214<br>ASHLEY REYNOLDS RAY<br>Georgia Bar No. 601559<br>J. HAYDEN KEPNER, JR.<br>Georgia Bar No. 416616<br><br>*Counsel for Debtors* |

7

**Exhibit A**

**Minutes of Meeting Held on June 22, 2016**

McDaniel

**From:** Sham Gad
**Sent:** Thursday, June 23, 2016 9:37 AM
**To:** Rita McDaniel
**Subject:** Fwd: Final Board Minutes of June 22, 2016 meeting

Rita

FYI - I'll call you shortly.

Sham Gad
Chairman & CEO
SED International Holdings, Inc.

Begin forwarded message:

> **From:** Arnold Kezsbom <arnold.kezsbom@gmail.com>
> **Date:** June 23, 2016 at 6:36:18 AM PDT
> **To:** sgad@SEDintl.com
> **Cc:** Denny <dennychandler@comcast.net>, Derek Bork <Derek.Bork@thompsonhine.com>
> **Subject: Final Board Minutes of June 22, 2016 meeting**
>
> On Wednesday June 22, 2016 the directors of SED International convened a telephonic Directors meeting.
>
> Sham informed the Board that the company reached a settlement with CNA for a merchandise claim in the amount of $250,000. Sham further noted that with this settlement, there is a high probability that Utica's (storage facility) insurance company would be sending an additional check for as much as $200,000 in full settlement of damaged products. After a brief discussion the board agreed to the following;
>
> Pursuant to the receipt of the $250,000 insurance settlement ;
> 1) pay directors for 3rd qtr fees and pay Arnold Kezsbom and Denny Chandler a fee of $5,000 each for the extensive work put in on the Special Finance Committee.
> Motion was made and unanimously approved.
>
> 2) Board then discussed 9 months of accrued past due compensation to Sham Gad. Sham had previously withheld drawing his full compensation to assist the company cash flow. The motion was made and the Board unanimously agreed (Sham abstained) to repay Sham the $90,000 of compensation the company had accrued as a liability to Sham.
>
> 3) Sham proposed and the Board unanimously agreed to provide Rita McDaniels and Chris Coley with $1,500 each for their diligence and extended effort during these trying times for SED.
>
> Motion was made and unanimously agreed to adjourn the meeting.
> Arnold Kezsbom
> Acting Secretary
> Board Member and
> Chair of Audit Committee

1

**Exhibit B**

**Wire Transfer Receipt**

# SunTrust

Online Treasury Manager

Dashboard | Messages | Admin | User Manual | Help | Sign Off

Wire Transfer | ACH | Preferred Recipients | Import/Export | Payment Reports

## Wire Pending Payments
Use this screen to view and approve wire payments.

**Successful Submit:**
The Wire Payment
Sequence Number: 36093483
Payment Type: Domestic Wire
Debit Account:
Beneficiary ID Type: Account Number
Beneficiary ID:
Debit Amount: $90000.00
Value Date: 06/24/2016
was successfully created.

Search for Sequence Number: [ Status ▼ ] [ Search ] [ Advanced Search ]

| Select All\|None | Sequence Number / Sender's Ref | Value Date / Last Modified By | Bene Name / Bene ID | Bene Bank Name / Bene Bank ID | Debit Acct Number / Debit Acct Name | Payment Type | Status | Debit Amount / Credit Amount |
|---|---|---|---|---|---|---|---|---|
|  | 36093483 HG CONSULTING | 06/24/2016 ritamcdaniel | H.G. CONSULTING | SUNTRUST BANK 061000104 | SED INTERNATIONAL INC | Domestic Wire | Pending Add Approval | $90,000.00 |

0 of 1

[ Delete Payment ] [ Reject ] [ Approve ]

Wires submitted after 5:30 p.m. ET will be processed on the next business day.

Payments
Page Created:Thu, 23 Jun 2016 13:50:47 EDT

Privacy & Security | Terms & Conditions   Copyright 2006 SunTrust Bank, All rights reserved.   Equal Housing Lender - Member FDIC

S2944

B 42150

1/1

# Exhibit C

# Statement of Financial Affairs

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **SED International, Inc.** |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF GEORGIA |
| Case number (if known) | **16-66019** |

☐ Check if this is an amended filing

# Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy 04/16

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

### Part 1:  Income

**1. Gross revenue from business**

☐ None.

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|
| **From the beginning of the fiscal year to filing date:**<br>From **1/01/2016** to **Filing Date** | ☑ Operating a business<br>☐ Other | $0.00 |
| **For prior year:**<br>From **1/01/2015** to **12/31/2015** | ☑ Operating a business<br>☐ Other | $11,885,034.00 |
| **For year before that:**<br>From **7/01/2014** to **12/31/2014** | ☑ Operating a business<br>☐ Other | $17,926,440.00 |
| **For the fiscal year:**<br>From **7/01/2013** to **6/30/2014** | ☑ Operating a business<br>☐ Other | $119,025,784.00 |

**The Debtor switched from a fiscal year that started on July 1 to a calendar year that started on January 1 as of January 1, 2015.**

**2. Non-business revenue**
Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☐ None.

| From the beginning of the fiscal year to filing date:<br>From **1/01/2016** to **Filing Date** | **Payments from Utica for insurance claim** | $250,000.00<br>$75,070.90 |
|---|---|---|
| | **Sale of fixed assets** | $34,430.00 |
| | **Collection on A/R** | $13,070.00 |
| | **Management fees from SED International de Colombia S.A.S.** | $25,000.00 |

---

Official Form 207     Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy     page 1

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

Attachment SFA #3

SED INC, SunTrust within 90 days/all checks

| Name | Date | Total | Reason | Address |
|---|---|---|---|---|
| SCOTT SPIELMANN | 7/14/2016 | $ 7,005.32 | Other/Commission | 317 We Go Trail, MT. Prospect, IL |
| MIMECAST NORTH AMERICA, INC. | 7/26/2016 | $ 83.25 | Services | 480 Pleasant Street, Watertown, MA 02472 |
| PETTY CASH | 7/28/2016 | $ 961.51 | Other/reimburse cash box | 2150 Cedars Road Suite 200, Lawrenceville, GA 30043 |
| PETTY CASH | 8/9/2016 | $ 892.50 | Other/ reimburse cash box | 2150 Cedars Road Suite 200, Lawrenceville, GA 30043 |
| CLAIM SOLUTIONS | 8/11/2016 | $ 18,257.80 | Other/commission/Utica claim | Christopher Salatino, 181 Genesee ST, Suite 603, Utica, NY 13502 |
| PETTY CASH | 8/23/2016 | $ 1,027.62 | Other/reimburse cash box | 2150 Cedars Road Suite 200, Lawrenceville, GA 30043 |
| MIMECAST NORTH AMERICA, INC. | 8/25/2016 | $ 83.25 | Services | 480 Pleasant Street, Watertown, MA 02472 |
| MELO RISK ADVISORS | 8/2/2016 | $ 14,148.97 | Other/D&O Insurance | 4401 Sequoia Red Lane, Charlotte, NC 28226 |
| IPFS | 8/25/2016 | $ 3,265.35 | Other/D&O Insurance | 462 South 4th Str. #1700 Meidinger Tower, Louisville, KY 40202-2509 |
| SCROGGINS & WILLIAMSON, P.C. | 8/25/2016 | $ 50,000.00 | Services | One Riverside, 4401 Northside Pkwy, Suite 450, Atlanta, GA 30327 |
| Finley, Colmer and Company | 8/25/2016 | $ 25,000.00 | Services | 5565 Glenridge Connector Suite 200, Atlanta, GA 30342 |
| SCROGGINS & WILLIAMSON, P.C | 8/25/2016 | $ 1,717.00 | Filing Fees | One Riverside, 4401 Northside Pkwy, Suite 450, Atlanta, GA 30327 |
| JUSTO A. ATRIO | 9/8/2016 | $ 1,322.52 | Other/Miami Rent | 15715 South Dixie Hwy, Suite 203, Pa;,ettp Bay, FL 33157 |
| PETTY CASH | 9/8/2016 | $ 1,143.00 | Other/ reimburse cash box | 2150 Cedars Road Suite 200, Lawrenceville, GA 30043 |
| HG CONSULTING/Sham Gad | 8/9/2016 | $ 20,000.00 | Other/Salary | 205 Glenwood DR., Athens, GA 30606 |
| HECTOR GARCIA | 8/11/2016 | $ 6,015.00 | Other/Cobra | 15564 SW 42nd Ter, Miami, FL 33185 |
| KAREN A COLLEY | 6/15/2016 | $ 266.00 | services/salary | 2150 Cedars Road Suite 200, Lawrenceville, GA 30043 |
| RITA K MCDANIEL | 6/15/2016 | $ 375.00 | services/salary | 2150 Cedars Road Suite 200, Lawrenceville, GA 30043 |
| DENNIS L CHANDLER | 6/23/2016 | $ 5,000.00 | Other/board member | 304 Shoreline CT Glencoe, IL 60022 |
| KAREN A COLLEY | 6/23/2016 | $ 1,500.00 | services/salary | 2150 Cedars Road Suite 200, Lawrenceville, GA 30043 |
| RITA K MCDANIEL | 6/23/2016 | $ 1,500.00 | services/salary | 2150 Cedars Road Suite 200, Lawrenceville, GA 30043 |
| DENNIS L CHANDLER | 6/23/2016 | $ 3,000.00 | Other/board member | 304 Shoreline CT Glencoe, IL 60022 |
| ARNOLD KEZSBOM | 6/28/2016 | $ 3,000.00 | Other/board member | 739 Silver Cloud Circle, Unit 105 Lake Mary, FL 32746 |
| MIMECAST NORTH AMERICA, INC. | 6/28/2016 | $ 83.25 | services | 480 Pleasant Street, Watertown, MA 02472 |
| KAREN A COLLEY | 6/29/2016 | $ 266.00 | services/salary | 2150 Cedars Road Suite 200, Lawrenceville, GA 30043 |
| RITA K MCDANIEL | 6/29/2016 | $ 375.00 | services/salary | 2150 Cedars Road Suite 200, Lawrenceville, GA 30043 |
| HG CONSULTING/Sham Gad | 6/28/2016 | $ 90,000.00 | Other/back salary | 205 Glenwood Dr., Athens, GA 30606 |
| KAREN A COLLEY | 7/7/2016 | $ 224.00 | services/salary | 2150 Cedars Road Suite 200, Lawrenceville, GA 30043 |

# United States Bankruptcy Court
## Northern District of Georgia

In re **SED International, Inc.**     Case No. **16-66019**

Debtor(s)     Chapter **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| SED International Holdings, Inc. | | | 100% interest |

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **Chairman of the Board of Directors** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date 10/12/16     Signature /s/ Sham Gad

**Sham Gad**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Sheet 1 of 1 in List of Equity Security Holders